# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PREFERRED SANDS OF WISCONSIN, LLC,<br>PREFERRED SANDS SALES, LLC, and<br>PREFERRED RESIN OF GENOA, LLC<br>One Radnor Corporate Center<br>100 Matsonford Road, Suite 101<br>Radnor, PA 19087 | : | |
| Plaintiffs | : | CIVIL ACTION – LAW |
| | : | JURY TRIAL DEMANDED |
| vs. | : | Hon._____ |
| GREENFIELD ENERGY SERVICES, INC.,<br>4023 Ambassador Caffery Parkway,<br>Suite 200<br>Lafayette, LA 70503 | : | |
| Defendant | : | NO.: |

## CIVIL ACTION COMPLAINT

### PARTIES

1. Plaintiff Preferred Sands of Wisconsin, LLC is a limited liability company organized under Delaware law with a principal place of business located at One Radnor Corporate Center, 100 Matsonford Road, Suite 101, Radnor, PA 19087.

2. Plaintiff Preferred Sands Sales, LLC is a limited liability company organized under Delaware law with a principal place of business located at One Radnor Corporate Center, 100 Matsonford Road, Suite 101, Radnor, PA 19087.

3. Plaintiff Preferred Resin of Genoa, LLC is a limited liability company organized under Delaware law with a principal place of business located at One Radnor Corporate Center, 100 Matsonford Road, Suite 101, Radnor, PA 19087.

4. Defendant Greenfield Energy Services, Inc. is believed to be a corporation existing under the laws of Louisiana with a principal place of business located at 4023 Ambassador Caffery Parkway, Suite 200, Lafayette, LA 70503.

## JURISDICTION AND VENUE

5. Preferred Sands of Wisconsin, LLC, Preferred Sands Sales, LLC and Preferred Resin of Genoa, LLC are citizens of the State of Pennsylvania and none of their respective members are citizens of the State of Louisiana.

6. Defendant Greenfield Energy Services, Inc. is a citizen of the State of Louisiana.

7. Therefore, there is complete diversity of citizenship between the Plaintiffs and the Defendant and the matter in controversy exceeds $75,000.00 pursuant to 28 U.S.C. §1332(a).

8. Venue is proper within this District pursuant to 28 U.S.C. §1391 because the cause of action upon which the Complaint is based arose in Radnor, Delaware County, Pennsylvania which is in the Eastern District of Pennsylvania.

## FACTUAL BACKGROUND

9. In or about January, 2013 and up to and including April, 2013, Defendant made offers to purchase sand and resin-coated sand from Plaintiffs via purchase orders as well as various email and oral communications.

10. In or about February, 2013 and up to and including April, 2013, Plaintiffs accepted Defendant's offers to purchase sand and resin-coated sand in exchange for compensation to be paid to Plaintiffs upon the shipment of the sand and resin-coated sand

to Defendant and consistent with the due dates specified on the invoices issued by Plaintiffs.

11. In or about February, 2013 and up to and including April, 2013, Plaintiffs shipped sand and resin-coated sand to Defendant.

12. Defendant has refused and failed to make payment on various past due invoices for sand and resin-coated sand.

13. As of June 24, 2013, Defendant owes Plaintiff Preferred Sands of Wisconsin, LLC $615,304.78 in past due invoices for sand.

14. As of June 24, 2013, Defendant owes Plaintiff Preferred Sands Sales, LLC $154,418.82 in past due invoices for sand.

15. As of June 24, 2013, Defendant owes Plaintiff Preferred Resin of Genoa, LLC $2,340,511.21 in past due invoices for resin-coated sand.

16. All conditions precedent for the filing of this Complaint, if any, have been fulfilled.

### COUNT I

**PREFERRED SANDS OF WISCONSIN, LLC. V.
GREENFIELD ENERGY SERVICES, INC.**

**BREACH OF CONTRACT**

17. Plaintiffs incorporate paragraphs 1-16 as if the same were set forth herein at length.

18. Defendant requested both orally and in writing that Preferred Sands of Wisconsin, LLC sell and provide Defendant with sand in or about March, 2013 and Defendant in exchange promised to pay for the aforementioned sand.

19. Preferred Sands of Wisconsin, LLC performed its end of the agreement by providing the sand.

20. Despite Preferred Sands of Wisconsin, LLC's complete performance, Defendant has failed and refused to pay Preferred Sands of Wisconsin, LLC $615,304.78 in past due invoices for sand.

Wherefore, Preferred Sands of Wisconsin, LLC demands judgment in its favor of $615,304.78 plus interest, attorney's fees, any incidental damages and costs.

## COUNT II

### PREFERRED SANDS SALES, LLC. V. GREENFIELD ENERGY SERVICES, INC.

### BREACH OF CONTRACT

21. Plaintiffs incorporate paragraphs 1-20 as if the same were set forth herein at length.

22. Defendant requested both orally and in writing that Preferred Sands Sales, LLC sell and provide Defendant with sand in or about March, 2013 and Defendant in exchange promised to pay for the aforementioned sand.

23. Preferred Sands Sales, LLC performed its end of the agreement by providing the sand.

24. Despite Preferred Sands Sales, LLC's complete performance, Defendant has failed and refused to pay Preferred Sands Sales, LLC $154,418.82 in past due invoices for sand.

Wherefore, Preferred Sands Sales, LLC demands judgment in its favor of $154,418.82 plus interest, attorney's fees, any incidental damages and costs.

## COUNT III

**PREFERRED RESIN OF GENOA, LLC. V.
GREENFIELD ENERGY SERVICES, INC.**

**BREACH OF CONTRACT**

25. Plaintiffs incorporate paragraphs 1-24 as if the same were set forth herein at length.

26. Defendant requested both orally and in writing that Preferred Resin of Genoa, LLC sell and provide Defendant with resin-coated sand in or about January, 2013 and up to and including March, 2013 and Defendant in exchange promised to pay for the aforementioned resin-coated sand.

27. Preferred Resin of Genoa, LLC performed its end of the agreement by providing the resin-coated sand.

28. Despite Preferred Resin of Genoa, LLC's complete performance, Defendant has failed and refused to pay Preferred Resin of Genoa, LLC $2,340,511.21 in past due invoices for resin-coated sand.

Wherefore, Preferred Resin of Genoa, LLC demands judgment in its favor of $2,340,511.21 plus interest, attorney's fees, any incidental damages and costs.

## COUNT IV

**PREFERRED SANDS OF WISCONSIN, LLC. V.
GREENFIELD ENERGY SERVICES, INC.**

**BREACH OF CONTRACT (Uniform Commercial Code)**

29. Plaintiffs incorporate paragraphs 1-28 as if the same were set forth herein at length.

30. Defendant requested both orally and in writing that Preferred Sands of Wisconsin, LLC sell and provide Defendant with sand in or about March, 2013 and Defendant in exchange promised to pay for the aforementioned sand.

31. Preferred Sands of Wisconsin, LLC performed its end of the agreement by providing the sand.

32. Despite Preferred Sands of Wisconsin, LLC's complete performance, Defendant has failed and refused to pay Preferred Sands of Wisconsin, LLC $615,304.78 for past due invoices for sand.

33. In the event that it is determined that the Uniform Commercial Code (UCC) applies to the aforementioned agreement and transactions, Preferred Sands of Wisconsin, LLC hereby demands payment of the $615,304.78 which is past due pursuant to the UCC and specifically 13 Pa.C.S.A. § 2607.

34. Preferred Sands of Wisconsin, LLC hereby demands all relief available under the UCC and specifically 13 Pa.C.S.A. §§2702-2710.

Wherefore, Preferred Sands of Wisconsin, LLC demands judgment in its favor of $615,304.78 plus interest, attorney's fees, any incidental damages and costs.

## COUNT V

### PREFERRED SANDS SALES, LLC. V.
### GREENFIELD ENERGY SERVICES, INC.

**BREACH OF CONTRACT (Uniform Commercial Code)**

35. Plaintiffs incorporate paragraphs 1-34 as if the same were set forth herein at length.

36. Defendant requested both orally and in writing that Preferred Sands Sales, LLC sell and provide Defendant with sand in or about March, 2013 and Defendant in exchange promised to pay for the aforementioned sand.

37. Preferred Sands Sales, LLC performed its end of the agreement by providing the sand.

38. Despite Preferred Sands Sales, LLC's complete performance, Defendant has failed and refused to pay Preferred Sands Sales, LLC $154,418.82 for past due invoices for sand.

39. In the event that it is determined that the Uniform Commercial Code (UCC) applies to the aforementioned agreement and transactions, Preferred Sands Sales, LLC hereby demands payment of the $154,418.82 which is past due pursuant to the UCC and specifically 13 Pa.C.S.A. § 2607.

40. Preferred Sands Sales, LLC hereby demands all relief available under the UCC and specifically 13 Pa.C.S.A. §§2702-2710.

Wherefore, Preferred Sands Sales, LLC demands judgment in its favor of $154,418.82 plus interest, attorney's fees, any incidental damages and costs.

## COUNT VI

### PREFERRED RESIN OF GENOA, LLC. V. GREENFIELD ENERGY SERVICES, INC.

### BREACH OF CONTRACT (Uniform Commercial Code)

41. Plaintiffs incorporate paragraphs 1-40 as if the same were set forth herein at length.

42. Defendant requested both orally and in writing that Preferred Resin of Genoa, LLC sell and provide Defendant with resin-coated sand in or about January, 2013

and up to and including March, 2013 and Defendant in exchange promised to pay for the aforementioned resin-coated sand.

43. Preferred Resin of Genoa, LLC performed its end of the agreement by providing the resin-coated sand.

44. Despite Preferred Resin of Genoa, LLC's complete performance, Defendant has failed and refused to pay Preferred Resin of Genoa, LLC $2,340,511.21 for past due invoices for resin-coated sand.

45. In the event that it is determined that the Uniform Commercial Code (UCC) applies to the aforementioned agreement and transactions, Preferred Resin of Genoa, LLC hereby demands payment of the $2,340,511.21 which is past due pursuant to the UCC and specifically 13 Pa.C.S.A. § 2607.

46. Preferred Resin of Genoa, LLC hereby demands all relief available under the UCC and specifically 13 Pa.C.S.A. §§2702-2710.

Wherefore, Preferred Resin of Genoa, LLC demands judgment in its favor of $2,340,511.21 plus interest, attorney's fees, any incidental damages and costs.

## COUNT VII

### PREFERRED SANDS OF WISCONSIN, LLC. V. GREENFIELD ENERGY SERVICES, INC.

### UNJUST ENRICHMENT

47. Plaintiffs incorporate paragraphs 1-46 as if the same were set forth herein at length.

48. In the event that it is determined that no contract exists in fact or law between Preferred Sands of Wisconsin, LLC and Defendant, then Preferred Sands of

Wisconsin, LLC at the request of Defendant and with their knowledge and acquiescence, provided Defendant with sand as stated herein.

49. The fair market value of the sand provided is $545,572.80.

50. Defendant has failed and refused to pay the fair market value due and owing for the sand.

51. It is unjust and against the fundamental principles of fairness and good faith that Defendant should be allowed to appreciate the benefits of the sand provided without paying for the same.

Wherefore, Preferred Sands of Wisconsin, LLC demands judgment in its favor of $615,304.78 plus interest, attorney's fees, any incidental damages and costs.

## COUNT VIII

### PREFERRED SANDS SALES, LLC. V. GREENFIELD ENERGY SERVICES, INC.

#### UNJUST ENRICHMENT

52. Plaintiffs incorporate paragraphs 1-51 as if the same were set forth herein at length.

53. In the event that it is determined that no contract exists in fact or law between Preferred Sands Sales, LLC and Defendant, then Preferred Sands Sales, LLC at the request of Defendant and with their knowledge and acquiescence, provided Defendant with sand as stated herein.

54. The fair market value of the sand provided is $208,989.50.

55. Defendant has failed and refused to pay the fair market value due and owing for the sand.

56. It is unjust and against the fundamental principles of fairness and good faith that Defendant should be allowed to appreciate the benefits of the sand provided without paying for the same.

Wherefore, Preferred Sands Sales, LLC demands judgment in its favor of $154,418.82 plus interest, attorney's fees, any incidental damages and costs.

## COUNT IX

### PREFERRED RESIN OF GENOA, LLC. V. GREENFIELD ENERGY SERVICES, INC.

### UNJUST ENRICHMENT

57. Plaintiffs incorporate paragraphs 1-56 as if the same were set forth herein at length.

58. In the event that it is determined that no contract exists in fact or law between Preferred Resin of Genoa, LLC and Defendant, then Preferred Resin of Genoa, LLC at the request of Defendant and with their knowledge and acquiescence, provided Defendant with resin-coated sand as stated herein.

59. The fair market value of the resin-coated sand provided is $2,340,511.21.

60. Defendant has failed and refused to pay the fair market value due and owing for the resin-coated sand.

61. It is unjust and against the fundamental principles of fairness and good faith that Defendant should be allowed to appreciate the benefits of the resin-coated sand provided without paying for the same.

Wherefore, Preferred Resin of Genoa, LLC demands judgment in its favor of $2,340,511.21 plus interest, attorney's fees, any incidental damages and costs.

## COUNT X

**PREFERRED SANDS OF WISCONSIN, LLC. V.
GREENFIELD ENERGY SERVICES, INC.**

**PROMISSORY ESTOPPEL**

62. Plaintiff incorporates paragraphs 1-61 as if the same were set forth herein at length.

63. In the event that it is determined that no contract exists in fact or law between Preferred Sands of Wisconsin, LLC and Defendant, then Preferred Sands of Wisconsin, LLC at the request of Defendant and with their knowledge and acquiescence, provided Defendant with sand as stated herein.

64. Defendant promised to pay Preferred Sands of Wisconsin, LLC for the sand.

65. Preferred Sands of Wisconsin, LLC relied on the representations of Defendant that they would pay for the sand.

66. The fair market value of the sand provided is $545,572.80.

67. Defendant has failed and refused to pay the fair market value due and owing for the sand.

68. Preferred Sands of Wisconsin, LLC relied on the representations of Defendant that they would pay for the sand and to their detriment Defendant has not paid for such.

Wherefore, Preferred Sands of Wisconsin, LLC demands judgment in its favor of $615,304.78 plus interest, attorney's fees, any incidental damages and costs.

## COUNT XI

### PREFERRED SANDS SALES, LLC. V.
### GREENFIELD ENERGY SERVICES, INC.

### PROMISSORY ESTOPPEL

69. Plaintiff incorporates paragraphs 1-68 as if the same were set forth herein at length.

70. In the event that it is determined that no contract exists in fact or law between Preferred Sands Sales, LLC and Defendant, then Preferred Sands Sales, LLC at the request of Defendant and with their knowledge and acquiescence, provided Defendant with sand as stated herein.

71. Defendant promised to pay Preferred Sands Sales, LLC for the sand.

72. Preferred Sands Sales, LLC relied on the representations of Defendant that they would pay for the sand.

73. The fair market value of the sand provided is $208,989.50.

74. Defendant has failed and refused to pay the fair market value due and owing for the sand.

75. Preferred Sands Sales, LLC relied on the representations of Defendant that they would pay for the sand and to their detriment Defendant has not paid for such.

Wherefore, Preferred Sands Sales, LLC demands judgment in its favor of $154,418.82 plus interest, attorney's fees, any incidental damages and costs.

## COUNT XII

**PREFERRED RESIN OF GENOA, LLC. V.
GREENFIELD ENERGY SERVICES, INC.**

**PROMISSORY ESTOPPEL**

76. Plaintiff incorporates paragraphs 1-75 as if the same were set forth herein at length.

77. In the event that it is determined that no contract exists in fact or law between Preferred Resin of Genoa, LLC and Defendant, then Preferred Resin of Genoa, LLC at the request of Defendant and with their knowledge and acquiescence, provided Defendant with resin-coated sand as stated herein.

78. Defendant promised to pay Preferred Resin of Genoa, LLC for the resin-coated sand.

79. Preferred Resin of Genoa, LLC relied on the representations of Defendant that they would pay for the resin-coated sand.

80. The fair market value of the resin-coated sand provided is $2,340,511.21.

81. Defendant has failed and refused to pay the fair market value due and owing for the resin-coated sand.

82. Preferred Resin of Genoa, LLC relied on the representations of Defendant that they would pay for the sand and to their detriment Defendant has not paid for such.

Wherefore, Preferred Resin of Genoa, LLC demands judgment in its favor of

$2,340,511.21 plus interest, attorney's fees, any incidental damages and costs.

**THE CHARTWELL LAW OFFICES, LLP**

By:_____
    E. Patrick Heffron, Esquire
    Atty I.D. No.: 93126
    125 North Washington Avenue
    The Connell Building, Suite 240
    Scranton, PA 18503
    (570) 558-4820